Henderson, Chief-Justice.
 

 Were this a case, where file defendant had made himself liable to actions as exe-eutor of his own wrong, by intermeddling .with the goods of the dead mail, for which he would have been subject to the rightful administrator when appointed, he does not by afterwards obtaining administration, purge the wrong
 
 *222
 
 lie committed before its grant, so as to prevent his being sued as executor. The administration purges the wrong so as, to confer on him the rights of a lawful administrator, and to enable him to retain. But he is still liable to creditors, if they elect to consider him an executor, and whether be or another administers the assets, the principle is the same. If this was not the rule in cases where the wrongdoer is liable to the rightful administrator, yet in the present case, it must be so,
 
 from necessity.
 
 The wrongful act complained of, is the taking by the defendant and holding in his possession, under a fraudulent conveyance from a dead man, two negro slaves. For this act he is not responsible, cither to an executor or an administrator. The conveyance bound the dead man, and it binds them also. But it does not bind the dead man’s creditors. It is void as to them. The law has therefore wisely provided, that he who takes, or has in his possession, under a fraudulent conveyance from the dead man, any of his goods, becomes thereby an executor of his own wrong. This is the case, whether there be an executor or
 
 not;
 
 and whether the taking be before or after administration granted, contrary to the rule in cases of mere intermeddling. For the general rule is, that where there is an executor, or after administration granted, an intermmeddling with the goods of the deceased will not make one an executor of his own wrong, because the trespasser shall answer to the executor or administrator, and not to creditors. And it is because he is answerable to the- executor or administrator for those acts, that he is not answerable to creditors. The reason and policy of the rule are obvious. B ut even where there is an executor or administrator, and the acts are of that nature, that they cannot obtain satisfaction for them, as in the present case, the fraudulent grantee, being a privileged intermeddler, shall
 
 be
 
 liable to creditors, as executor
 
 de son tort.
 
 The law would be inconsistent with, itself, if after giving the right to creditors, it afforded no remedy to them. Upon either principle therefore, this, action can be sustained.
 

 But an inter-meddling’after a grant of administration, does not make an executor
 
 de son tor/,
 
 because lie is answerable to the administrator.
 

 If the intermed-dler claims under a grant valid as to the.administrator, but void as to creditors, the latter may from necessity subject him as an executor
 
 de son tórt.
 

 Pee. CuEIAM. — JUDGMENT REVERSE®*.